In the Matter of the Claim of WINIFRED SMITH, Appellant, against VAN DYKE TAXI COMPANY, Known as VAN DYKE TAXI & TRANSFER, INC., and NEW AMSTERDAM CASUALTY COMPANY, Respondents. STATE INDUSTRIAL BOARD, Respondent. — The medical testimony indicates that claimant's husband, the deceased employee, died from general septicemia caused by streptococcus haemolyticus in his blood, and that the port of entry was an abrasion on his hand. Before his death he stated that he received the injury to his hand while changing a tire, in the course of his employment and in the employer's garage. The testimony given by each of three witnesses furnished sufficient corroboration as matter of law for the decedent's hearsay statement. The testimony may, under the broad discretion given to the Board by statute, justify a decision disallowing the claim, but it appears that the decision may have been made under the misapprehension that the corroborating testimony was not sufficient as matter of law. This matter should be remitted to the Board for further consideration. Decision reversed, with costs to the claimant against the employer and carrier, and matter remitted. Hill, P. J., Crapser, Heffernan and Schenck, JJ., concur; Bliss, J., dissents.

In the Matter of the Claim of BERTHA KATZ, Respondent, against POLLYANNA TRADING CORP. and UNITED STATES CASUALTY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— The claimant was secretary and treasurer of the Pollyanna Trading Corp. and was a window trimmer and was injured in an accident while at work for the corporation-employer on February 23, 1938. At the time of the accident there was in existence and in force and effect a policy of workmen's compensation insurance covering the Pollyanna Trading Corp., namely, policy No. 73625, issued on the 8th day of September, 1937, and continuing to September 8, 1938. The previous year, from September 8, 1936, to September 8, 1937, the same concern had had policy No. 61277 with the same company. In connection with the policy for the former year the claimant had executed an election that the executive officers should not be covered. She had not executed any such election as provided by section 54, subdivision 6, of the Workmen's Compensation Law in connection with the policy in force at the time of the accident. The employer's first notice of the accident contained a statement that she was a window trimmer and was engaged in her usual occupation when injured; she received seventy dollars a week. While the policy in force attempted to show that executive officers were not covered, the law required them at the time to cover them unless they had signed an elective notice not to be covered. This the claimant had not done in connection with the policy in force and her waiver to the policy of the previous year cannot be considered to change the provisions of section 54, subdivision 6, of the Workmen's Compensation Law. (*Matter of Leef* v. *Dainty Kiddie Cap Co., Inc.*, 251 App. Div. 764; application for leave to appeal to the Court of Appeals denied, 275 N. Y. 651.) Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.